UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENEDICT J. NICHOLS,
           Plaintiff,

    v.                                    Case No. 15-CV-1069

STATE OF WISCONSIN,
           Defendant.

BENEDICT J. NICHOLS,
           Plaintiff,

    v.                                    Case No. 15-CV-1070

STATE OF WISCONSIN,
           Defendant.

# ORDER

On September 2, 2015, Benedict J. Nichols, proceeding pro se, submitted to the court two complaints, both naming the State of Wisconsin as the defendant. Both of these cases were assigned to this court. Portions of each of these complaints (pages 1, 2, and 6) are identical but each differ with respect to the "statement of claim."

In the complaint assigned case number 15-CV-1069, Nichols refers to "my 1994 sexual assault and L&L" and says he "found a problem with my court case," specifically "NO Citation or ticket; No Arresting officer do to the complaint being a week late or a

week prior; the case number is not a case number at all; there is no year or charge." (15-CV-1069, ECF No. 1 at 3.)

In the complaint assigned case number 15-CV-1070, Nichols refers to "my 1997 O.W.I." and states that the citation he received indicated his car was gray, but the narrative report said that car was red, and when he checked the VIN at a dealer, it said the car was "Chest nut Brown." (15-CV-1070, ECF No. 1 at 3.)

In each complaint, Nichols goes on to list a number of officials and a short description of their alleged malfeasance, examples of which include their failure to acquit Nichols of the offense, not knowing a case number, failing to arrest others, and unelaborated allegations of perjury, false swearing, or obstructions of justice. This list includes Milwaukee County's current District Attorney and Sheriff, all of Wisconsin's prior Attorneys General dating back to the mid-1990s, Wisconsin's current governor, and various circuit court judges. However, none of these officials are identified as defendants.

The relief requested is identical in each complaint: "Acquit me of this Judgement so I can sue. Wisconsin need's its Justice Back! You can't keep the Felons in all are legal offices; on the bench and with a badge."

Accompanying each complaint was a petition and affidavit to proceed without prepayment of fees and/or costs, commonly referred to as a motion to proceed in forma

2

pauperis (IFP). Nichols consented to have this court resolve both cases. Therefore, the court must now resolve his motions for leave to proceed IFP.

Having reviewed Nichols's petitions and affidavits, the court concludes that he lacks the financial resources to prepay the fees and costs associated with these actions. Therefore, Nichols's motions for leave to proceed in forma pauperis are granted.

However, before allowing these cases to proceed further, this court must first determine whether the complaints (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than…naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl.*

3

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

Nichols's undeveloped and confusing complaints lack detail sufficient to give the defendant fair notice of his claims. Moreover, the limited information contained in his complaints does not plausibly amount to a cause of action. Neither the procedural irregularities alleged in 15-CV-1069 nor the inconsistency alleged regarding the color of Nichols's car in 15-CV-1070 present a plausible federal cause of action.

Further, the relief that Nichols seeks, acquittal in each case, is not relief that a federal district court may order in an ordinary civil lawsuit. *See Sides v. City of Champaign*, 496 F.3d 820, 824 (7th Cir. 2007). The closest a federal district court may come would be relief by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2254, but such relief is limited to persons who are "in custody" pursuant to the judgment the petitioner seeks to challenge. *Id.* There is no indication that Nichols remains in custody pursuant to these 1994 and 1997 convictions—he provided a residential address to the court and his name is not included in the Wisconsin Department of Corrections offender database—and therefore no reason exists to believe that amending or re-construing his complaints as petitions for writs of habeas corpus will plausibly afford Nichols the relief he seeks.

Amending his complaint to seek relief other than acquittal likewise would not afford Nichols any relief because, from the minimal details contained in his complaint,

4

it appears Nichols would be barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Specifically, before a plaintiff may pursue an action under 42 U.S.C. § 1983 for damages related to a criminal conviction, he must demonstrate that the conviction

> has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* Nichols's convictions have not been set aside; in fact, this is the precise reason for Nichols's complaints and the relief he seeks in the present actions.

Further, Nichols's claims relating to actions that occurred in 1994 and 1997 appear to be long-barred by Wisconsin's six-year statute of limitations for constitutional torts occurring in Wisconsin. *See Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989). Finally, any claim for damages against the State of Wisconsin would be barred by the Eleventh Amendment, *Thomas v. State*, 697 F.3d 612, 613 (7th Cir. 2012), because the State of Wisconsin is not a "person" for purposes of § 1983, s*ee Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Therefore, the court concludes that the complaints must be dismissed. Because the court does not regard these defects as curable, it dismisses these actions in their entirety. *See Childress v. Walker*, 787 F.3d 433, 441 (7th Cir. 2015) (citing *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010)). And because the statute of limitations has

5

already run, the concern of permitting a plaintiff the opportunity to amend his complaint to avoid being trapped by the statute of limitations is not a concern. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1023 (7th Cir. 2013).

**IT IS THEREFORE ORDERED** that, in each of the above-entitled actions, the plaintiff's motion to proceed in forma pauperis is **granted**.

**IT IS FURTHER ORDERED** that each of the above-entitled complaints and actions are **dismissed**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 10th day of September, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any further action is appropriate in a case.